# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. H-02-546-1 |
| § | |
| ANDREW MAURO, § | |
| § | |
| Defendant. § | |

## ORDER

Andrew Mauro has moved under 18 U.S.C. § 3582(c)(2) to have this court reduce his prison sentence. (Docket Entry No. 317). Mauro contends that Amendment 591 to U.S.S.G. § 1B1.2 and the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 220 (2005), making the guidelines advisory rather than mandatory, support a lower sentence than he received after his guilty plea. The government has responded to the motion for reduction. (Docket Entry No. 321).

Mauro pleaded guilty in 2002 to one count charging conspiracy to possess 3,4 methylenedioxymethamphetamine, commonly known as MDMA or ecstacy; methamphetamine; lysergic acid diethylamide (LSD); and anabolic steroids. He also pleaded guilty to one count charging money laundering. Mauro agreed to waive certain appellate and collateral challenge rights. Mauro's total offense level for guideline sentencing calculation purposes was 39, which led to a guideline range of 262 to 327. Mauro received a downward

departure on the government's motion under U.S.S.G. § 5I1.1 and was sentenced to a 135-month prison term. Mauro did not appeal. He did file a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied in 2006.

Amendment 591 does not support Mauro's argument that he should have received no more than a five-year prison sentence because one of the drugs (anabolic steroids) that he was initially charged with possessing with the intent to distribute fell under the five-year maximum of 21 U.S.C. § 841(b)(1)(D). Amendment 591 does not require a different application of the sentencing guidelines than Mauro received. *See United States v. Heli-Mejia*, 239 Fed. Appx. 938 (5th Cir. 2007). Mauro pleaded guilty to an offense that carried a maximum statutory punishment of twenty years. He was sentenced well within that limit.

Nor is Mauro entitled to relief based on his argument that this court incorrectly calculated the base offense level using the 1998 edition of the Manual rather than the 2003 edition. As the government points out in its response, if anything, this appears to have resulted in a lower offense level. Moreover, the court granted Mauro a downward departure based on the government's motion.

Finally, Mauro is not entitled to a sentence reduction under 18 U.S.C. § 3582(c) based on his conduct during incarceration. His motion is denied.

SIGNED on May 13, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge